*Attorney Grievance Commission of Maryland v. Garrett Vincent Williams*, Misc. Docket AG No. 86, September Term, 2014.  Opinion by Greene, J.


ATTORNEY DISCIPLINE – In the present case, an attorney's knowing and intentional conduct to conceal from his client and the courts the attorney's incompetence and lack of diligence warrants the ultimate sanction of disbarment.  The attorney's misconduct included: (1) his knowing failure to respond to Bar Counsel's request for client information during the disciplinary investigation; and (2) the attorney's wrongful actions and inactions during the discovery process of the underlying civil proceedings which resulted in the dismissal of the client's medical malpractice claim with prejudice.

Circuit Court for Montgomery County
Case No. 30739-M
Argued: December 3, 2015

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 86

September Term, 2014
_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

GARRETT VINCENT WILLIAMS
_____

Barbera, C.J.
Battaglia
Greene
Adkins
McDonald
Watts
Harrell, Jr., Glenn T. (Retired,
        Specially Assigned),


JJ.
_____

Opinion by Greene, J.
_____

Filed: February 19, 2016

Garrett Vincent Williams ("Respondent") was admitted to the Bar of this Court on June 21, 1995. At all times relevant to this case, he resided in Montgomery County, Maryland.

The Attorney Grievance Commission of Maryland, ("Petitioner"), by Glenn M. Grossman, Bar Counsel, and Lydia E. Lawless, Assistant Bar Counsel, filed a Petition for Disciplinary Or Remedial Action against Respondent and after the disciplinary hearing recommended that we disbar him for violating the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"). The petition alleged that Respondent, based on his representation of Leslie Valentine-Bowers, had violated several rules of the MLRPC: Rule 1.1 (Competence),[1] Rule 1.2 (Scope of Representation and Allocation of Authority Between Client and Lawyer),[2] Rule 1.3 (Diligence),[3] Rule 1.4 (a) and (b) (Communication),[4] Rule 3.2 (Expediting

---

[1] MLRPC 1.1 provides:
> A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] MLRPC 1.2 provides, in relevant part:
> (a) subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of the representation and , when appropriate, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[3] MLRPC 1.3 provides:
> A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] MLRPC 1.4 provides:

(continued...)

Litigation),[5] Rule 3.3 (Candor Toward the Tribunal),[6] Rule 8.1 (Bar Admission and Disciplinary Matters)[7] and Rule 8.4 (a), (b), (c) and (d) (Misconduct).[8]

---

[4](...continued)
    (a) A lawyer shall:
    (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;
    (2) keep the client reasonably informed about the status of the matter;
    (3) promptly comply with reasonable requests for information; and
    (4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.
    (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[5]MLRPC 3.2 provides:
> A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

[6]MLRPC 3.3 provides, in relevant part:
> (a) A lawyer shall not knowingly:
> (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

[7]MLRPC 8.1 provides, in relevant part:
> An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
>             *    *    *    *
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admission or disciplinary authority, except that this Rule does not require disclosure of information protected by Rule 1.6.

[8]MLRPC 8.4 provides:

(continued...)

2

This Court, by an Order dated February 10, 2015, transmitted the action to the Circuit Court for Montgomery County and designated the Honorable Cheryl A. McCally of that court to make findings of fact and recommended conclusions of law. The hearing judge scheduled hearings on May 13, and June 25, 2015. Respondent failed to appear. On May 21, 2015, the hearing judge entered an Order of Default against Respondent for failure to respond to the Petition For Disciplinary or Remedial Action. Respondent failed to take any action to vacate the Order of Default or to participate in the disciplinary proceedings.[9]

---

[8](...continued)
> It is professional misconduct for a lawyer to:
> (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal act that reflects adversely on the lawyers' honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice.

[9]On April 1, 2015, Petitioner, through counsel, caused Respondent to be served with the Petition, Summons, Order of the Court of Appeals, Interrogatories, Request for Production of Documents and Request for Admission of Fact and Genuineness of Documents. No answer having been filed ~~with the Court~~, Petitioner filed a Motion for Order of Default. No opposition was filed to the Motion for Order of Default. On May 13, 2015, the matter was called for a scheduling conference, counsel for Petitioner attended the hearing, but Respondent failed to appear and the ~~court~~ judge entered, on May 21, 2015, an Order of Default and set a hearing for June 25, 2015, on the merits. Respondent did not appear for that hearing, and Judge McCally admitted into evidence Petitioner's exhibits, including Proposed Findings of Fact and Conclusions of Law. The hearing judge entered findings of fact based in part on Respondent's failure to respond to written requests for admissions of fact and genuineness of documents that were served upon him. Because Respondent did not answer the requests, they were deemed admitted. *See* Md. Rule 19-756; Md. Rule 2-424(b) ("Each matter of which an admission is requested shall be deemed admitted unless . . . the party to whom the request is directed
(continued...)

3

Judge McCally accepted fully Petitioner's proposed "Factual findings and Conclusions of Law." Neither party filed exceptions to Judge McCally's written factual findings and legal conclusions. In addition, Respondent failed to offer any recommendation contrary to Petitioner's written recommendation for disbarment. Under the circumstances, Judge McCally's findings were not clearly erroneous, and her conclusions of law were supported by clear and convincing evidence. We disbarred Respondent in a per curiam order issued December 3, 2015. *Attorney Grievance Comm'n v. Williams*, 445 Md., 323, 126 A.3d 1162 (2015). In this opinion, we explain that decision.

## FINDINGS OF FACT[10]

The hearing judge determined that at some point in 2008, Leslie Valentine-Bowers lost vision in her right eye. She claimed that her lost vision was attributable to the negligence of her medical providers. On May 22, 2008, Respondent met with Ms. Valentine-Bowers to discuss her claim. As a result of that meeting, Respondent agreed to represent Ms. Valentine-Bowers and "assured [her] that she had a good case." They entered into a written agreement, "entitled 'Legal Representation Agreement,'" whereby Respondent agreed to represent Ms. Valentine-Bowers "in the resolution of all claims arising from healthcare

---

[9](...continued)
serves a response . . . ."). *See also, Attorney Grievance Comm'n v. Frost,* 437 Md. 245, 261, 85 A.3d 264, 273 (2014).

[10]Petitioner alleged in the Petition for Remedial or Disciplinary Action that Respondent failed to file and/or pay his Federal and/or State income taxes for 2006 and 2008. Following the hearing in this matter, Petitioner withdrew the allegations.

4

performed by Drs. Moffett and Phillips including any negotiations or subsequent litigation." Under the terms of their written agreement, Respondent promised that he "would promptly notify her of all significant developments and keep her informed about the status of her case." Ms. Valentine-Bowers further agreed "to pay the Respondent 33.3% of any recovery if resolved prior to filing a complaint and 45% of any recovery after a complaint had been filed."

Almost two years after agreeing to represent Ms. Valentine-Bowers, Respondent initiated a medical malpractice claim on behalf of his client. The hearing judge further found:

> On January 27, 2010, the Respondent, on behalf of Ms. Valentine-Bowers filed a Statement of Claim with the Maryland Health Care Alternative Dispute Resolution Office. On March 23, 2010, the Respondent filed a complaint in the Circuit Court for Prince George's County against Flora Feldman, O.D., Flora Feldman and Associates, Inc.[1] and Nicole Moffett, O.D. On September 14, 2010, the Respondent filed a second complaint in the Circuit Court for Prince George's County against The Retina Group of Washington, P.C. (hereinafter "TRG"). The Respondent failed to serve either of the complaints on any of the defendants for over a year. On September 12, 2011, the court consolidated the two cases.
>
> _____
> [1]Flora Feldman, O.D. and Flora Feldman and Associates, Inc. were eventually voluntarily dismissed.
>
> On November 4, 2011, TRG was served. On December 2, 2011, Dr. Moffett was served. TRG filed a timely Answer and propounded Interrogatories and Request for Production of Documents on November 30, 2011. Dr. Moffett filed a timely Answer and propounded Interrogatories and Request for Production of Documents on December 20, 2011.
>
> The Respondent received TRG's written discovery on or about November 30, 2011 and Dr. Moffett's written discovery on or about December

5

20, 2011. Pursuant to Maryland Rules 2-241(b) and 2-422(c), discovery responses were due December 30, 3011 and January 29, 2012, respectively.

On January 31, 2012, having heard nothing from the Respondent, Dr. Moffet's counsel wrote to the Respondent and requested the discovery responses be provided within ten (10) days. The Respondent responded and asked for a two-week extension of time. On February 29, 2012, having heard nothing from the Respondent, TRG's counsel wrote to the Respondent and inquired when the discovery responses would be provided and asked for available dates for Ms. Valentine-Bowers' deposition. The Respondent failed to respond in any manner.

Between November 30, 2011 and March 2, 2012, the Respondent made no effort to contact Ms. Valentine-Bowers regarding the discovery requests and made no effort to draft responses to interrogatories or document requests. On May 2, 2012, the Respondent, for the first time, contacted Ms. Valentine-Bowers about the discovery requests. He forwarded copies of the interrogatories to her by email and asked her to 'forward [her] answer . . . at [her] earliest opportunity.' The Respondent did not advise Ms. Valentine-Bowers that the deadline for responding to discovery had passed or that TRG had requested available dates for her deposition. On March 7, 2012, Dr. Moffett's counsel wrote to the Respondent and requested [that] responses to discovery be provided in ten (10) days. The Respondent failed to respond in any manner. On March 15, 2012, TRG's counsel sent a second letter to the Respondent regarding the overdue discovery and warned that if responses were not received by March 23, 2012, he would file a motion with the court and unilaterally note Ms. Valentine-Bowers' deposition. On April 27 and 30, 2012, TRG's counsel called the Respondent. The Respondent failed to respond in any manner to the March 23 letter or subsequent phone calls from TRG's counsel.

On May 4, 2012, Dr. Moffett's counsel `attempted to reach the Respondent by telephone and, unable to reach him directly, left a voice-mail message advising that a motion to compel would be filed if the discovery responses were not provided by May 7, 2012. The Respondent did not respond to the voice-mail. On May 3, 2012, TRG filed a Motion to Compel and on May 4, 2012, TRG noted Ms. Valentine-Bowers' deposition for July 6, 2012. On May 8, 2012, Dr. Moffett filed a Motion to Compel.

Between May 2, 2012, the date he forwarded the interrogatories to Ms. Valentine-Bowers, and May 11, 2012, the Respondent made no effort to contact

6

his client. On May 11, 2012, after TRG and Dr. Moffett had filed motions, the Respondent forwarded the interrogatories to Ms. Valentine-Bowers again and stated: 'Please see below.' The Respondent did not advise his client that the deadline to respond to discovery had passed, that Motions to Compel had been filed or that her deposition had been noted for July 6, 2012. On May 15, 2012, Ms. Valentine-Bowers provided her responses to interrogatories to the Respondent by email and stated: "Let me know if you need more info."

The hearing judge found the delays with regard to addressing the discovery issues continued:

> The Respondent did not respond in any manner to the Motions to Compel. On May 31, 2012, the circuit court granted TRG's Motion to Compel and ordered Ms. Valentine-Bowers to provide answers to interrogatories and produce the requested documents by June 18, 2012. The court warned that failure to abide by the order may subject Ms. Valentine-Bowers to sanctions and/or penalties. The court denied Dr. Moffett's May 8 Motion because it did not contain a Rule 2-431 Certificate. The Respondent did not advise his client of the May 31 Order.

> On June 5, 2012, Dr. Moffett filed a Second Motion to Compel and attached a proper 2-431 Certificate. The Respondent failed to respond to Dr. Moffett's Second Motion to Compel. On June 27, 2012, having heard nothing from the Respondent, TRG filed a Motion for Sanctions. On July 5, 2012, the circuit court granted Dr. Moffett's Second Motion to Compel and ordered that Ms. Valentine-Bowers provide full and complete Answers to Interrogatories and produce all requested documents by or before July 12, 2012. The court warned, again, that failure to comply could subject Ms. Valentine-Bowers to sanctions. The judge's law clerk personally called the Respondent and advised him of the content of the July 12 Order. The Respondent failed to advise his client of the July 12 Order.

The hearing judge determined that "on July 6, 2012, counsel for all defendants appeared for Ms. Valentine-Bower's deposition as noted by TRG's counsel. Neither Respondent nor Ms. Valentine-Bowers appeared." Ms. Valentine-Bowers' failure to appear for her deposition led to TRG filing, on July 9, 2012, a Supplemental Memorandum in support

of the Motion for Sanctions.  This gave TRG an additional reason to support its request for

a dismissal of Ms. Valentine-Bowers' complaint.  The hearing judge explained:

> Between May 15, 2012, the date Ms. Valentine-Bowers provided her draft answers to interrogatories to the Respondent, and July 12, 2012, the Respondent made no effort to contact Ms. Valentine-Bowers about her discovery responses or to finalize answers to interrogatories or responses to document requests. [] On July 12, 2012, the deadline established by the July 5 Order, the Respondent mailed unexecuted Answers to Interrogatories to Dr. Moffett and TRG.  Also on July 12, 2012, the Respondent emailed the answers to interrogatories to Ms. Valentine-Bowers and stated:

>> These are finally done. Sorry for the delay, but we had some computer issues over here. Anyway, please read through both sets and make sure they are accurate and correct to the best of your knowledge and belief. If so, please sign the signature pages (the very last page of each document), and e-mail or fax [] the signed signature pages back to me. If you have any minor corrections, please mark them on the document and also send those corrected pages with the signature pages.

>> If you have any questions regarding anything, please give me a call on my cell [].  Thank you.

> Counsel for Dr. Moffett and TRG received the unexecuted answers on July 17, 2012.  Also on July 17, 2012, the Respondent mailed the signature page to opposing counsel.

> After receiving the unexecuted, undated responses, TRG and Dr. Moffett consolidated all grounds for dismissal into one motion entitled Defendants' Joint Motion for Sanctions (hereinafter Joint Motion) which was filed on July 20, 2012.  The Respondent failed to advise his client of the Joint Motion. On or about August 10, 2012 the Respondent filed an Opposition to the Joint Motion.  In the Opposition, the Respondent knowingly and intentionally misrepresented to the circuit court that 'the delay in generating discovery was due to Plaintiffs Counsel's inability to make contact with the Plaintiff and was not intentional or contumacious.'

> On October 5, 2012, a hearing was held on the Joint Motion.  At the hearing, the Respondent made the following knowing and intentional misrepresentations to the court:

8

- I was not able to [provide discovery to the defendants] because I was not able to communicate with my client. She's been, we'd been unable to communicate with her for months until finally she called me, and I said, where have you been, I've been trying to get a hold of you. She said, oh, you know, I didn't know. I said well, you know, have your numbers changed? She said, yes. I said has your e-mail changed? She said, no. I said, well, I've sent you numerous e-mails, I said, what's going on with that? She said, well, I didn't get them. Maybe they went to my spam folder, and she never confirmed whether they did or didn't go to her spam folder, she just said she had never received them. And then ultimately, we drafted up the answers to the written discovery as soon as we could.
- The initial answers to interrogatories were sent out inadvertently without the signature page and that Ms. Valentine-Bowers did not appear for her scheduled deposition because the Respondent didn't know where she was.
- Unfortunately, [Ms. Valentine-Bowers] was out of communication with her counsel for some time. But as soon as I got a hold of her, she cooperated. She's in full cooperation. I have all of her contact information at this time, and we're prepared to appear for a deposition as early as this coming week to get this case moving along.

Contrary to the Respondent's statements, Ms. Valentine-Bowers maintained the same mailing address, email address and phone number during the pendency of the litigation and it was the Respondent, not Ms. Valentine-Bowers, who failed to communicate about the pending discovery. At the conclusion of the hearing, the court granted the Joint Motion and dismissed the complaint with prejudice. The court stated, *inter alia*:

> [The Respondent] in his representations to the court says well we haven't complied, we haven't responded because I just didn't know where my client was. It certainly appears to the court that he attempted to reach her by accepting his representations as true.
>
> * * *

9

But nonetheless, the requirement is hers to remain in contact with her counsel, and I would concur with [TRG's counsel's] representation that an individual who initiated a complaint such as this, remain interested in its pursuit would at a minimum have remained in contact with her counsel. And it appears many months have gone by where she didn't.

The Respondent failed to advise his client that her complaint had been dismissed. On or about October 15, 2012, the Respondent filed Plaintiffs Motion for Reconsideration. The Respondent admitted, and the court finds that the Motion for Reconsideration was frivolous. On November 29, 2012, the court denied the Motion for Reconsideration. The Respondent failed to advise Ms. Valentine-Bowers that the Motion for Reconsideration had been filed or denied. On December 26, 2012, the Respondent, without the knowledge or consent of his client, filed a Notice of Appeal.

On September 18, 2013, the Respondent, without the knowledge or consent of his client, filed Appellant's Brief in the Court of Special Appeals. [] On September 25, 2013, the Respondent filed his record extract. [] The Respondent failed to consult with Dr. Moffett or TRG about preparation of the record extract requiring the Appellee to file a supplemental extract containing relevant portions of the record. []

Appellees TRG and Dr. Moffett each filed briefs and, on January 7, 2014, oral argument was held in the Court of Special Appeals. [] During oral argument, the Respondent, knowingly and intentionally misrepresented to the Court of Special Appeals that, "Early in the case there was some difficulty getting in contact with the Plaintiff, the Appellant in this case, Ms. Bowers. Plaintiff's counsel had difficulty doing that via email, telephone, et cetera. Finally after three or four months, contact was made." []

In a reported opinion issued May 29, 2014, the Court of Special Appeals affirmed the order of the circuit court. [] The Respondent failed to advise his client of the Opinion. []

Bar Counsel's Investigation:

On July 8, 2014, Bar Counsel sent a letter to Respondent, at the address maintained with the Client Protection Fund requesting information and documentation. [] Bar Counsel's request included the following:

1. A complete copy of Ms. Valentine-Bower's client file including,

10

but not limited to all pleadings, filings, discovery, correspondence, notes and memorandum;

2. Please state whether you have ever failed to timely file a federal or state income tax return. If so, for each delinquent return provide the tax year, type of return (personal, business, etc.) the jurisdiction, the date filed and any explanation you may have for your failure(s);

3. Please state whether you have ever failed to timely pay any federal or state income tax liability. If so, for each delinquency, provide the tax year, the amount owed, the amount paid, the date paid and any explanation you may have for your failure(s);

4. Please state whether you have ever failed to timely pay any withholding tax. If so, state the tax year, the amount, the date and amount paid.

Bar Counsel requested that the information be provided by July 29, 2014. The Respondent failed to respond in any manner. On July 23, 2014, Bar Counsel sent a letter to Respondent at his home address, enclosing the July 8, 2014 letter and requesting a response by August 8, 2014. [] The Respondent received the July 23, 2014 letter from Bar Counsel on or about July 24, 2014. The Respondent failed to respond in any manner. On August 12, 2014, Bar Counsel sent a letter to the Respondent at his home address, enclosing the two prior letters and requested a response within ten days. [] The Respondent received the August 12, 2014 letter from Bar Counsel on or about August 13, 2014. The Respondent failed to respond in any manner.

On August 22, 2014, Robert C. Versis, Investigator, personally served the July 8, July 23, and August 12, 2014 letters on the Respondent's mother-in-law at his home. [] Between August 29, 2014 and September 2, 2014, Mr. Versis made multiple attempts to contact the Respondent. [] The Respondent failed to respond in any manner. The Respondent has never responded to Bar Counsel during the pendency of the investigation and prosecution of this matter.

The hearing judge entered the following conclusions of law:

## CONCLUSIONS OF LAW

This [c]ourt finds, by clear and convincing evidence, that Respondent violated the following Rules of the Maryland Lawyers' Rules of Professional Conduct:

**Rule 1.1. Competence**

Rule 1.1 provides: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

This [c]ourt finds the Respondent violated Rule 1.1. The Respondent failed to timely serve the two complaints in 2010, he failed to respond to at least ten letters, phone calls, or notices and five separate motions filed by the defendants. He failed to appear for his client's deposition and failed to comply with multiple court orders regarding production of discovery. When he did provide discovery responses, the responses were untimely, inadequate and incomplete. Notably, in addition to failing to respond to discovery, the Respondent failed to propound any discovery on behalf of his client or otherwise advance her claim in any manner. The Respondent's lack of competence resulted in his client's complaint being dismissed with prejudice. Following the dismissal, the Respondent filed a frivolous motion for reconsideration and a frivolous appeal to the Court of Special Appeals.

**Rule 1.2. Scope of Representation and Allocation of Authority Between Client and Lawyer**

Rule 1.2(a) provides [in part]: subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

The Respondent was retained to take all necessary actions to pursue Ms. Valentine-Bowers' medical malpractice claim. The Respondent did not consult with his client in any meaningful way to keep her apprised of the representation and his actions and inaction caused her claim to be dismissed with prejudice. This [c]ourt concludes that the Respondent violated Rule 1.2(a).

**Rule 1.3. Diligence**

Rule 1.3 provides: A lawyer shall act with reasonable diligence and promptness in representing a client.

The facts forming the basis of the [c]ourt's finding of a Rule 1.1 violation also support the conclusion that the Respondent violated Rule 1.3. The Respondent's lack of diligence in pursuing Ms. Valentine-Bowers' claim was egregious and inexcusable.

**Rule 1.4. Communication**

Rule 1.4 provides, in part:

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;

(2) keep the client reasonably informed about the status of the matter;

(3) promptly comply with reasonable requests for information; and

(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

This [c]ourt finds the Respondent violated Rule l.4(a) and (b). The Respondent failed to communicate with Ms. Valentine-Bowers in any meaningful manner during the pendency of the representation. He failed to keep her informed about deadlines, his failure to timely respond to discovery, that any motions had been filed, that he failed to file responsive pleadings to multiple motions, that her deposition had been noted, that he failed to appear for her deposition, that the court entered orders compelling discovery and eventually an order for sanctions dismissing the case with prejudice. The Respondent deprived Ms. Valentine-Bowers of information about her case to allow her to make informed decisions about how and whether to continue litigation, including whether or not a motion for reconsideration should be filed or an appeal noted.

**Rule 3.2. Expediting Litigation**

Rule 3.2 states: A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

This [c]ourt finds the Respondent's conduct was in direct opposition to his duty to expedite litigation. The Respondent failed to timely serve the complaints after they were filed and created, for no discernable reason, discovery delays and disputes that ultimately resulted in Ms. Valentine-Bowers' complaint being dismissed with prejudice.

**Rule 3.3. Candor Toward the Tribunal**

Rule 3.3(a)(1) provides that a lawyer shall not knowingly: make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the

13

lawyer;

As itemized above, this [c]ourt finds the Respondent violated Rule 3.3(a) on numerous occasions when he knowingly and intentionally misrepresented to the circuit court and the Court of Special Appeals that the delay in responding to discovery was due to Ms. Valentine-Bowers' failures to communicate.

**Rule 8.1. Bar Admission and Disciplinary Matters**
Rule 8.1 provides, in part: An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arising in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

This [c]ourt finds the Respondent violated Rule 8.1 (b) when he failed to respond to Bar Counsel's letters of July 8, 2014, July 23, 2014 and August 12, 2014.

**Rule 8.4. Misconduct**
It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another
(b) commit a criminal act that reflects adversely on the lawyer's honest, trustworthiness or fitness as a lawyer in other respects; [2]
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;

_____
[2]Following the hearing in this matter, Petitioner withdrew its allegation of a Rule 8.4(b) violation.

This [c]ourt finds that each of the Respondent's knowing and intentional misrepresentations, as itemized above, is a violation of Rule 8.4(c). Additionally, this [c]ourt finds the Respondent was dishonest and deceitful in communicating with Ms. Valentine-Bowers. The Respondent, when asked, assured Ms. Valentine-Bowers that he was taking appropriate actions to pursue her claim, and attempted to hide his lack of competence and diligence.

The Respondent's conduct, taken as a whole, violates Rules 8.4(d).

The Respondent, by his actions and inactions, caused Ms. Valentine-Bowers' claim to be dismissed with prejudice, he wasted the time, money and resources of the courts and his opponents. His refusal to abide by the Maryland Rules and numerous court orders and then making misrepresentations to excuse his misconduct brings the profession into disrepute in violation of Rule 8.4(d).

As to mitigating and aggravating factors, the hearing judge stated:

## MITIGATION

Maryland Rule 6-757(b) provides, in part: at a disciplinary hearing, "A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence." The court finds that the Respondent has not proven any mitigating or extenuating circumstances.

## AGGRAVATING FACTORS

The Court of Appeals has identified aggravating factors in attorney discipline matters to include the following:

(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the attorney disciplinary proceeding by intentionally failing to comply with rules or orders of the Commission;
(f) submission of false evidence, false statements, or other deceptive practices during the attorney disciplinary proceeding;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law
(g) indifference to making restitution; and
(k) illegal conduct, including that involving the use of controlled substances

See *Attorney Grievance Commission v. Zhang*, 440 Md. 128, 171– 72, 100 A.3d 1112, 1137 (2014).

Petitioner argues that seven aggravating factors are present. This [c]ourt agrees. The Respondent had a dishonest and selfish motive implicating factor (b). He knowingly and intentionally made misrepresentations to the circuit court and the Court of Special

Appeals to cover up his own lack of diligence and competence. The Respondent has displayed a pattern of misconduct and multiple offenses implicating factors (c) and (d). The misconduct spanned more than four years; from his initial failure to timely serve the complaints in 2010 to his failure to respond to Bar Counsel's requests for information in 2014. The Respondent engaged in bad faith obstruction of the disciplinary investigation implicating factor (e) by failing to participate in any manner in the investigation or the proceedings before this [c]ourt.

The Respondent has failed to acknowledge the wrongful nature of his conduct and has shown an indifference to making restitution implicating factors (g) and (j).

## DISCUSSION

The hearing judge found by clear and convincing evidence that Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4(a) and (b), 3.2, 3.3(a), 8.1(b), and 8.4 (c) and (d). Clearly, Respondent was neither competent nor diligent in his representation of Ms. Valentine-Bowers. His misconduct led the hearing judge to conclude that "Respondent's lack of diligence in pursuing Ms. Valentine-Bowers' claim was egregious and inexcusable." He "failed to timely serve the two complaints in 2010, he failed to respond to at least ten letters, phone calls, or notices and five separate motions filed by the defendants." In addition, "[w]hen he did provide discovery responses, the responses were untimely, inadequate and incomplete." Moreover, Respondent "failed to propound any discovery on behalf of his client or otherwise advance her claim in any manner." He missed discovery deadlines, ignored opposing counsel's and the court's requests to complete discovery, concealed his short-comings from his client, and misrepresented to the Circuit Court and the Court of Special Appeals that the discovery violations were attributable to his inability to reach his client. In addition, the hearing judge found that Respondent violated MLRPC 1.4 (a) by failing "to communicate with Ms. Valentine-

16

Bowers in any meaningful manner during the pendency of the representation." He violated MLRPC 1.4 (b), by "depriv[ing] Ms. Valentine-Bowers of information about her case [which prevented her from] mak[ing] informed decisions about how and whether to continue litigation, including whether or not a motion for reconsideration should be filed or appeal noted."

Judge McCally determined that "Respondent's lack of competence [, diligence and communication] resulted in [Ms. Valentine-Bowers'] complaint being dismissed with prejudice." In the process, Respondent also violated MLRPC 1.2 by failing to take necessary actions to pursue the client's claim or to "consult with his client in any meaningful way to keep her apprised of the representation . . . ." Under these circumstances, the hearing judge concluded that Respondent's motion for reconsideration of the circuit court's dismissal of the medical negligence claim and subsequent appeal to the Court of Special Appeals were frivolous. Accordingly, Respondent's numerous knowing and intentional misrepresentations to the circuit court and the Court of Special Appeals "that the delay in responding to discovery was due to Ms. Valentine-Bowers' failures to communicate" with Respondent also constituted a violation of MLRPC 3.3 (a). Likewise, in failing knowingly to respond to Bar Counsel's letters demanding information about this case, Respondent violated MLRPC 8.1 (b). Finally, Respondent's knowing and intentional misrepresentations, to the courts and his client in an attempt to hide Respondent's lack of competence and diligence, support the hearing judge's conclusion that Respondent violated MLRPC 8.4 ( c ). He violated MLRPC 8.4 (d) in several ways: (1) by failing to comply with "numerous court orders and then making misrepresentations to excuse his misconduct"; (2) by wasting the time, money and resources of the courts and

17

his opponents, and (3) by his actions and inactions which caused his client's claim to be dismissed with prejudice.

## SANCTIONS

We have said that the purpose of sanctions in attorney disciplinary proceedings is not to punish the lawyer but to protect the public from those unfit to practice. Taking this approach to discipline, we believe, it bolsters the public's confidence in the legal system, and deters other lawyers from engaging in similar misconduct. *Attorney Grievance Comm'n v. Pennington*, 387 Md. 565, 595, 876 A.2d 642, 660 (2005). This Court endeavors to impose sanctions that are "commensurate with the nature and gravity of the violations and the intent with which they were committed, taking into account the particular circumstances of each case and any aggravating or mitigating factors." *Attorney Grievance Comm'n v. Khandpur*, 421 Md. 1, 18, 25 A.3d 165, 175 (2015). Considering Respondent's numerous violations, apparent indifference toward his client and the legal system, as well as the lack of any mitigating factors, we agreed with Bar Counsel's recommendation to disbar Respondent from the practice of law.

The egregious nature of Respondent's actions to conceal his incompetence and lack of diligence from his client in an attempt to lead her and the courts to believe that he was acting in the best interest of the client cannot be tolerated. This is especially so, as here, where the client is harmed by the attorney's misconduct. Disbarment for intentionally misleading a tribunal or client may not be the appropriate sanction in every situation. *See Attorney Grievance Comm'n v. Litman*, 440 Md. 205, 219, 101 A.3d 1050, 1059 (2014) (holding in a reciprocal discipline case that the appropriate sanction for an attorney's misconduct, including misrepresentation of facts and law to both judicial and

administrative tribunals, was an indefinite suspension). Disbarment, however, is the appropriate sanction in the present case. *See Attorney Grievance Comm'n v. Lane*, 367 Md. 376, 418, 773 A.2d 463, 488 (2001) (holding that disbarment was the appropriate sanction where an attorney engaged in a pattern of intentional dishonest conduct designed to conceal his lack of diligence); *Attorney Grievance Comm'n v. London*, 427 Md. 328, 47 A.3d 986 (2012) (holding that disbarment was the appropriate sanction for an attorney who had been previously disbarred and thereafter willfully misrepresented to his client the status of cases to conceal his own "negligent and careless" practice of law); *Attorney Grievance Comm'n v. McClain*, 406 Md. 1, 956 A.2d 135 (2008) (holding that disbarment was the appropriate sanction for an attorney's intentional dishonest conduct, which included misrepresentations to the trial and appellate courts while representing a client).

In the case at bar, "Respondent never responded to Bar Counsel during the pendency of the investigation and prosecution of this [case]." He filed frivolous actions in the underlying medical malpractice claim and failed to participate at any level in the disciplinary proceedings filed against him. The hearing judge found, in addition to Respondent's knowing and intentional misrepresentations to the courts to cover up his own lack of diligence and competence, the following aggravating factors:

    (1)       Dishonest or selfish motive,

    (2)       A pattern of misconduct and multiple offenses,

    (3)       The misconduct spanned more than four years,

    (4)       Bad faith obstruction of the disciplinary investigation or the proceeding before the court,

    (5)       Failure to acknowledge the wrongful nature of his conduct, and

(6)     Indifference to making restitution.

The hearing judge had no basis on this record to find any mitigating factors.

For the reasons stated herein, we entered the December 3, 2015, *per curiam* order disbarring Respondent and awarding costs against him.