*Attorney Grievance Commission of Maryland v. Jennifer Lynn Leatherman*, Misc. Docket AG No. 40, September Term, 2020.  Opinion by Hotten, J.

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT**

The Court of Appeals disbarred Respondent, Jennifer Lynn Leatherman, from the practice of law in Maryland.  Respondent violated Maryland Attorneys' Rules of Professional Conduct 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.15 (Safekeeping Property), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission and Disciplinary Matters), and 19-308.4 (Misconduct).  These violations stemmed from Respondent's representation of two clients in separate immigration and family law matters.  Respondent accepted $2,500 and $2,000 in retainers for each matter, but provided little to no legal services of value.  Respondent failed to deposit and maintain client funds in an attorney trust account until earned.  Respondent knowingly and intentionally re-deposited a check that caused $2,500 to be fraudulently debited from a personal bank account of a client.  Respondent failed to propound discovery, failed to respond to opposing counsel's discovery requests, failed to adequately communicate with clients about the status of their cases, failed to timely deliver a client file to successor counsel, and failed to timely execute a Substitution of Counsel.  Respondent made knowingly and intentionally false statements to Bar Counsel, failed to timely and completely answer Bar Counsel inquiries, and failed to participate in disciplinary proceedings.  In aggregate, Respondent's conduct warranted disbarment.

Circuit Court for Montgomery County
Case No. 483878-V
Argument waived/submitted on papers

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 40

September Term, 2020

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

JENNIFER LYNN LEATHERMAN

_____

Barbera, C.J.,
McDonald,
Watts,
Hotten,
Getty,
Booth,
Biran,

JJ.

_____

Opinion by Hotten, J.

_____

Filed: August 4, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

The Attorney Grievance Commission of Maryland ("Petitioner"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action ("Petition") on October 19, 2020 against Jennifer Lynn Leatherman ("Respondent"), in connection with two complaints filed by two former clients that she represented in an immigration and a family law matter. In the Petition, Bar Counsel alleged that Respondent violated the following Maryland Attorney Rules of Professional Conduct ("MARPC"): 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.15 (Safekeeping Property), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission and Disciplinary Matters), and 19-308.4 (Misconduct).

On October 20, 2020, pursuant to Md. Rules 19-722(a)[1] and 19-727,[2] this Court designated the Honorable Jeannie E. Cho of the Circuit Court for Montgomery County

---

[1] Maryland Rule 19-722(a) provides in pertinent part, "Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating (1) a judge of any circuit court to hear the action, and (2) the clerk responsible for maintaining the record."

[2] Maryland Rule 19-727 provides in pertinent part:

**(a) Evidence and Procedure Generally.** Except as otherwise provided by the Rules in this Chapter, the hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a non-jury trial in a civil action in a circuit court.

\*\*\*

**(d) Findings and Conclusions.** The judge shall prepare and file a written statement which shall contain: (1) findings of fact and conclusions of law as to each charge; (2) findings as to any remedial action taken by the attorney; and (3) findings as to any aggravating or mitigating circumstances that exist. . . .

(continued . . .)

("hearing judge") to conduct an evidentiary hearing and to issue findings of fact and conclusions of law. Respondent was served with the Writ of Summons, Order of the Court of Appeals, the Petition, Petitioner's Interrogatories, Petitioner's Request for Production of Documents, and Petitioner's Request for Admission of Facts and Genuineness of Documents. Respondent did not file a response. On December 23, 2020, Petitioner filed a Motion for Order of Default, which the hearing judge granted on January 4, 2021. The hearing judge scheduled a remote hearing for February 18, 2021. Respondent did not respond to the Order of Default and did not appear for the remote hearing. The hearing judge, pursuant to Md. Rule 2-424(b),[3] deemed Petitioner's Request for Admissions as admitted and received them as evidence. On March 23, 2021, the hearing judge entered findings of facts and conclusions of law based upon the averments in the Petition, and the Petitioner's request for admission and genuineness of documents with attached exhibits. Respondent neither filed exceptions, nor provided a recommendation regarding a sanction. Petitioner recommended disbarment.

---

(. . . continued)

> **(e) Time for Completion.** Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the attorney of the order entered under [Md.] Rule 19-722.

[3] Maryland Rule 2-424(b) provides in pertinent part:

> Each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request or within 15 days after the date on which that party's initial pleading or motion is required, whichever is later, the party to whom the request is directed serves a response signed by the party or the party's attorney.

This Court considered the matter on the papers submitted, without oral argument.[4] On May 27, 2021, we issued a *per curiam* order disbarring Respondent. *Attorney Grievance Comm'n v. Leatherman*, 473 Md. 628, 251 A.3d 1156 (2021). We explain in this opinion the reasons why.

## THE HEARING JUDGE'S FINDINGS OF FACT

We summarize the hearing judge's findings of fact and the exhibits submitted at the hearing. "As no exceptions have been filed, we treat the findings of fact as established." *Attorney Grievance Comm'n v. Davenport*, 472 Md. 20, 26, 244 A.3d 1032, 1035 (2021) (citing Md. Rule 19-741(b)(2)(A)).

### Background

Respondent was admitted to the Maryland Bar on December 13, 2000. At all times relevant hereto, Respondent maintained an office for the practice of law in Montgomery County.[5]

---

[4] Petitioner filed a request to waive oral argument on May 4, 2021. Respondent neither responded to Petitioner's request nor otherwise participated in the proceedings, including our show cause order directing Respondent to show cause why oral argument should be held. With no response, we granted Petitioner's request to waive oral argument on May 27, 2021.

[5] Respondent informed Bar Counsel that she moved out of her law practice on January 5, 2020. The move occurred following the events that gave rise to this disciplinary matter. We also note that the hearing judge's findings of fact indicated that the law practice was in Howard County. The record confirms that the law practice was located in Montgomery County.

3

## Representation of Kaixin He

Kaixin He retained Respondent to assist in establishing legal residency for her grandniece, a Chinese national residing in the United States. On September 14, 2018, Ms. He delivered a personal check of $2,500 to Respondent for the retainer. Respondent failed to deposit the check into an attorney trust account, and deposited the check into a personal account at Capital One Bank.

Respondent advised Ms. He to establish legal guardianship of her grandniece. Based on the advice of others, Ms. He declined. On January 15, 2019, Ms. He notified Respondent that she no longer required her services and terminated the representation. On February 13, 2019, Ms. He requested a refund of the retainer, but Respondent failed to respond.

On February 26, 2019, Respondent fraudulently re-deposited the September 14, 2018 check into her personal account at Capital One Bank. The re-deposit of the check debited an additional $2,500 from Ms. He's personal bank account. The hearing judge found that Respondent knowingly and intentionally misappropriated $2,500 of Ms. He's funds for her own personal benefit and use.

Ms. He made several additional attempts, via telephone and email, to contact Respondent about the refund. Respondent failed to respond. On April 5, 2019, Respondent emailed Ms. He, "I am nearly finished with your invoice and will send it to you shortly. As I stated to you, I will refund whatever remains of your retainer once my fee has been deducted." Respondent failed to provide an invoice or timely refund.

4

On September 19, 2019, Respondent provided Ms. He with a refund of $2,500. Respondent failed to acknowledge or repay the additional $2,500 that she misappropriated by re-depositing the check without authorization.

**Representation of Angelina N. Von-Jackson**

On March 19, 2019, Angelina N. Von-Jackson retained Respondent in a divorce proceeding against her husband, Patrick Von-Jackson. The retainer agreement required an initial retainer of $2,000 and a fee of $150 per hour. Ms. Von-Jackson paid Respondent $2,000 on or about March 19, 2019. Respondent failed to deposit and maintain the funds in an attorney trust account until earned.[6]

On April 1, 2019, Ms. Von-Jackson submitted a draft of her financial statement to Respondent for review. Respondent failed to respond to Ms. Von-Jackson's request to review the financial statement. On April 18, 2019, Respondent filed a Complaint for Absolute Divorce or, in the Alternative, Limited Divorce and other Equitable Relief in the Circuit Court for Montgomery County. Respondent failed to propound discovery on behalf of Ms. Von-Jackson and failed to inform Ms. Von-Jackson that discovery had not been propounded. Ms. Von-Jackson attempted to meet with Respondent in person to discuss the proceeding, but Respondent cancelled every scheduled meeting.

Opposing counsel propounded interrogatories and requests for document production on August 9, 2019. Respondent advised Ms. Von-Jackson that she would request a time extension from opposing counsel to respond to discovery. Respondent failed to request

---

[6] The hearing judge did not make a finding as to where Respondent deposited the $2,000.

5

such an extension. On September 6, 2019, Ms. Von-Jackson texted Respondent about the time extension to which Respondent replied, "Yes-Please don't worry-it's fine-just get them to me when you can. It's ok." As of September 6, 2019, Respondent had neither requested nor received an extension from opposing counsel. The hearing judge found that Respondent knowingly and intentionally misrepresented to Ms. Von-Jackson that she had received an extension to respond to the discovery requests.

Ms. Von-Jackson provided Respondent with the information needed to respond to the discovery requests on September 23, 2019. Respondent acknowledged receipt of the information, but failed to respond to opposing counsel's discovery requests. Respondent also failed to inform Ms. Von-Jackson that she failed to respond to opposing counsel's discovery requests.

Respondent and Ms. Von-Jackson agreed to meet on November 14, 2019, at Respondent's office, to discuss the case. Ms. Von-Jackson arrived at the designated time, but Respondent failed to appear. Ms. Von-Jackson called Respondent's cellular phone, sent an email and a text message, but Respondent failed to appear or respond in any manner. On November 18, 2019, Ms. Von-Jackson still had not received a response from Respondent, and as a result, and sent her the following text message, "Good afternoon, please can you let me know what is going on? Every attempt to reach you regarding my case is no avail [*sic*] why?"

Respondent replied the next day, "I had complications overnight and have to go back to the hospital this morning. Are you available Thursday or Friday?" Ms. Von-

6

Jackson and Respondent scheduled another meeting that week. Respondent later canceled the meeting.

On November 22, 2019, opposing counsel sent Respondent a letter noting that discovery responses were past due and requested responses no later than December 2, 2019. Respondent failed to respond to opposing counsel and failed to advise Ms. Von-Jackson that discovery was outstanding. The hearing judge found that Respondent failed to keep Ms. Von-Jackson reasonably informed about the status of the matter, failed to promptly comply with reasonable requests for information, and failed to explain matters to an extent reasonably necessary to permit Ms. Von-Jackson to make informed decisions regarding representation.

On November 26, 2019, Ms. Von-Jackson terminated Respondent's representation and retained Kathleen DeNobile, Esquire, as successor counsel. Ms. Von-Jackson signed a release authorizing Respondent to release her client file, invoices, and unused retainer funds to Ms. DeNobile. Later that day, Ms. DeNobile attempted to call Respondent's office, but the office phone number was temporarily disconnected. Ms. DeNobile also called Respondent's cellular phone and left a voice message, but Respondent failed to respond.

On November 27, 2019, Ms. DeNobile emailed Respondent notifying her that Ms. Von-Jackson retained her as successor counsel. The email included the executed release and a proposed Substitution of Counsel.[7] The email also requested that Respondent return

---

[7] Maryland Rule 2-132(a) states that "[a]n attorney may withdraw an appearance by filing a notice of withdrawal."

an executed copy of the Substitution of Counsel and provide a copy of Ms. Von-Jackson's client file.

On December 2, 2019 at 9:29 a.m., Respondent replied to Ms. DeNobile's email stating that the Substitution of Counsel did not include a signature line. Respondent requested a revised version to sign "ASAP" because she was scheduled to return to the hospital that afternoon. At 10:01 a.m., Ms. DeNobile emailed Respondent the revised version. Respondent failed to respond.

On December 4, 2019, Ms. DeNobile emailed Respondent asking whether she planned to appear at the *pendente lite* hearing scheduled for December 6, 2019, since Respondent had not returned the executed Substitution of Counsel. The email reiterated the request for a copy of Ms. Von-Jackson's client file and expressed concern about the status of discovery. Respondent replied to Ms. DeNobile's email on December 4, 2019 and attached an executed copy of the Substitution of Counsel. Respondent stated:

> Attached is the Sub of Counsel that I signed and a copy of the Interrogatories and Request for Production of Documents from the Defendant. *I did not receive documents from Ms. Von*[-]*Jackson.* Due to the circumstances of my illness and hospitalizations, I am sure the court will move the discovery deadline for you. The only issue for the [*pendente lite*] hearing to my knowledge is child support and guidelines just need to be run with the parties' incomes. Have already discussed this with opposing counsel. Custody and visitation are not at issue. Ms. Von-Jackson had a copy of all of the pleadings in the file.

(Emphasis in original).

The hearing judge found that Respondent's statement that she did not receive documents from Ms. Von-Jackson was a knowing and intentional misrepresentation. Ms.

8

Von-Jackson provided Respondent with the information needed to respond to opposing counsel's discovery requests on September 23, 2019.

Ms. DeNobile replied to Respondent's email the same day stating:

If I can be candid here. I went to the courthouse a little but a go [*sic*] and pulled the file for review, the [*pendente lite*] hearing is on access and child support so it[']s a bit more than running the guidelines. Frankly, the court might extend the discovery deadline and it might not. The client is now facing substantial repercussions because you failed to take action in this case, namely serving discovery and responding to discovery in a timely manner. You've also failed to provide me with anything substantive in this case.

I am going to do the best I can to mitigate the financial ramification for the client that have [*sic*] been caused by your inaction but honestly cannot do that without your assistance. I need documentation of your medical condition and hospitalizations to take to court to prove that we need an extension of the discovery deadline. I also need a copy of the client's file, a copy of her trust statement and invoices, and all pertinent information by the end of the week. If you cannot handle this, I am going to have to seriously question whether you should be representing clients at all and whether I have a duty to report this.

Respondent failed to respond to Ms. DeNobile's email, failed to provide Ms. DeNobile with documentation of her hospitalizations, failed to provide a copy of Ms. Von-Jackson's client file, invoice, and unused retainer funds. The hearing judge found that Respondent knowingly and intentionally misappropriated Ms. Von-Jackson's funds when she collected a $2,000 retainer, failed to provide her with any services of value, and failed to refund the unearned retainer funds.

**Bar Counsel Investigation**

On July 29, 2019, Ms. He filed a complaint with Bar Counsel. On August 6, 2019, Bar Counsel wrote to Respondent, enclosed a copy of Ms. He's complaint and requested a written response no later than August 27, 2019. On September 19, 2019, Respondent

9

provided an untimely response to Bar Counsel. The response failed to address any of the specific concerns raised in Ms. He's complaint. Respondent stated that she had struggled with recent illness and the death of her mother. The response included a copy of a letter addressed to Ms. He and a copy of the check made payable to Ms. He that refunded the $2,500 retainer. Respondent failed to acknowledge the additional $2,500 owed to Ms. He for re-depositing the retainer check.

On October 28, 2019, Bar Counsel informed Respondent that Ms. He's matter had been docketed for further investigation. Bar Counsel requested that Respondent describe what legal services were provided and whether she deposited client funds in an attorney trust account and any associated financial records of client funds. Respondent failed to respond in any manner.

Bar Counsel wrote to Respondent again on November 21, 2019, with a copy of the October 28 request. The letter was sent by certified mail and email. Respondent failed to respond.

On December 12, 2019, Ms. Von-Jackson filed a complaint with Bar Counsel. Bar Counsel wrote to Respondent on January 17, 2020 and enclosed a copy of Ms. Von-Jackson's complaint. Bar Counsel requested a response no later than January 27, 2020. Respondent failed to respond.

Bar Counsel Investigator, Cheryl A. Trivelli, visited Respondent's residence on February 1, 2020. Ms. Trivelli was unable to establish contact with Respondent. Ms. Trivelli left her business card at the residence. On February 3, 2020, Respondent emailed Ms. Trivelli stating:

My husband found your business card stuck in our front door on Saturday. Did you come to my house?

I'm sorry, I have not received any letters or phone calls from you. I shut down my practice at the end of the year and moved out of my office in Rockville . . . , MD [] on January 5, 2020. I had my mail forwarded to my house but have not received anything from you. John Garza, my landlord knew and knows all of my contact information. It is also on the AIS system.

***

I was hospitalized for a week in November and have been having health issues.

Please contact me by either of my emails or my cell.[8]

On February 5, 2020, Bar Counsel wrote to Respondent requesting Ms. He's client file, copies of all associated financial documents, and an explanation for why she deposited Ms. He's check on two different occasions. On the same day, Bar Counsel sent Respondent another letter that enclosed Ms. Von-Jackson's complaint, requested Ms. Von-Jackson's client file and associated financial documents, and asked whether Ms. Von-Jackson's funds were deposited in an attorney trust account. Bar Counsel also emailed copies of the letters to the provided work email address. Respondent failed to respond to either letter or email in any manner.

Bar Counsel made several additional unsuccessful attempts to contact Respondent. On February 29, 2020, Ms. Trivelli visited Respondent's residence and left copies of the February 5, 2020 letters. On March 30, 2020, another Bar Counsel Investigator, William M. Ramsey, tried calling Respondent's cellular number, but the voice mailbox was full.

---

[8] Respondent provided Bar Counsel with her cellular phone number, her work email address, her personal email address, her disconnected phone number, and her home address.

On April 10 and 13, 2020, Bar Counsel Investigator, Edwin P. Karr, called Respondent's cellular phone number, leaving a message requesting that she contact him. Mr. Karr also emailed Respondent with the same message. On April 14, Mr. Karr left another message. Respondent returned the phone call a short time later, and Mr. Karr advised Respondent that she needed to provide responses no later than April 17, 2020. Respondent replied that she was sick but, "would do the best I can." Respondent did not provide information about her illness or any substantive responses to Bar Counsel.

## THE HEARING JUDGE'S CONCLUSIONS OF LAW

By clear and convincing evidence, the hearing judge found that Respondent violated MARPC 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.15 (Safekeeping Property), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission and Disciplinary Matters), and 19-308.4 (Misconduct).

## MARPC 19-301.1: Competence

MARPC 19-301.1 provides:

An attorney shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

The hearing judge found that Respondent violated MARPC 19-301.1, in each client matter, by failing to deposit and maintain Ms. He's and Ms. Von-Jackson's funds in an attorney trust account until earned. The hearing judge also found that Respondent failed to satisfy MARPC 19-301.1 in the Von-Jackson matter by failing to propound discovery,

12

failing to request an extension for discovery, and failing to respond to opposing counsel's request for discovery.

## MARPC 19-301.3: Diligence

MARPC 19-301.3 provides: "An attorney shall act with reasonable diligence and promptness in representing a client."

The hearing judge concluded that Respondent violated MARPC 19-301.3 for the same reasons discussed in relation to MARPC 19-301.1, *supra*, and MARPC 19-301.4, *infra*.

## MARPC 19-301.4: Communication

MARPC 19-301.4 provides:

**(a)** An attorney shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in [MARPC] 19-301.0 (f) (1.0), is required by these Rules;

(2) keep the client reasonably informed about the status of the matter;

(3) promptly comply with reasonable requests for information; and

(4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by [MARPC] or other law.

**(b)** An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The hearing judge concluded that Respondent violated MARPC 19-301.4(a) and (b) by failing to adequately and reasonably keep her clients informed about their matters and by failing to respond to her clients' requests for information, opposing counsel's discovery

13

requests, successor counsel's request for the client case file and related information, and Bar Counsel's numerous requests for information related to the representation of Ms. He and Ms. Von-Jackson.

### MARPC 19-301.5: Fees

MARPC 19-301.5 provides, in part:

**(a)** An attorney shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(l) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the attorney or attorneys performing the services; and

(8) whether the fee is fixed or contingent.

The hearing judge concluded that Respondent violated MARPC 19-301.5(a) by collecting fees without providing the clients with any services of value. The retainers of $2,500 and $2,000 for Ms. He and Ms. Von-Jackson may have been reasonable at the outset of representation, but according to the hearing judge, these amounts became unreasonable when Respondent failed to provide any services of value.

14

## MARPC 19-301.15: Safekeeping Property

MARPC 19-301.15 provides, in part:

**(a)** An attorney shall hold property of clients or third persons that is in an attorney's possession in connection with a representation separate from the attorney's own property. Funds shall be kept in a separate account maintained pursuant to Title 19, Chapter 400 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the attorney and shall be preserved for a period of at least five years after the date the record was created.

The hearing judge concluded that Respondent violated MARPC 19-301.15 by failing to deposit client funds in an attorney trust account until earned.

## MARPC 19-301.16: Declining or Terminating Representation

MARPC 19-301.16 provides, in part:

**(d)** Upon termination of representation, an attorney shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of another attorney, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The attorney may retain papers relating to the client to the extent permitted by other law.

The hearing judge concluded that Respondent violated MARPC 19-301.16 by failing to provide Ms. He with a timely refund, failing to deliver Ms. Von-Jackson's unused retainer funds, and failing to Ms. Von-Jackson's client file to successor counsel. Respondent also failed to timely strike her appearance and execute the Substitution of Counsel.

15

## MARPC 19-308.1: Bar Admission and Disciplinary Matters

MARPC 19-308.1 provides in relevant part:

An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:

***

**(b)** fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by [MARPC] 19-301.6 (1.6).

The hearing judge concluded that Respondent violated MARPC 19-308.1(b) by knowingly and intentionally failing to respond to Bar Counsel's numerous requests for information and documentation. The hearing judge noted that Respondent failed to timely and completely respond to Bar Counsel's letter dated August 6, 2019, and failed to respond at all to Bar Counsel's letters dated October 28, 2019, November 21, 2019, January 17, 2020, and February 5, 2020.

## MARPC 19-308.4: Misconduct

MARPC 19-308.4 provides in relevant part:

It is professional misconduct for an attorney to:

**(a)** violate or attempt to violate [MARPC], knowingly assist or induce another to do so, or do so through the acts of another;

**(b)** commit a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as an attorney in other respects;

**(c)** engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

**(d)** engage in conduct that is prejudicial to the administration of justice[.]

16

The hearing judge concluded that Respondent violated sections (a), (b), (c), and (d) of MARPC 19-308.4. According to the hearing judge, Respondent violated section (a) due to Respondent's several violations of other rules of professional conduct. *See supra* pages 12–16.

The hearing judge concluded that Respondent violated section (b) of MARPC 19-308.4 by fraudulently re-depositing a check pursuant to Md. Code Ann., Criminal Law § 7-104 and 18 U.S.C. § 1344.[9] On February 26, 2019, Respondent re-deposited Ms. He's check into the Respondent's personal bank account, which the hearing judge found was for Respondent's own use and personal benefit.

The hearing judge concluded that Respondent violated section (c) of MARPC 19-308.4 by knowingly and intentionally misappropriating Ms. He's funds, knowingly and intentionally misrepresenting to Ms. Von-Jackson that Respondent received an extension for discovery, knowingly and intentionally misrepresenting to Ms. DeNobile that Respondent did not receive discovery documents from Ms. Von-Jackson, and knowingly

---

[9] Md. Code Ann., Criminal Law § 7-104(a) provides in pertinent part: "A person may not willfully or knowingly obtain or exert unauthorized control over property, if the person: (1) intends to deprive the owner of the property[.]" 18 U.S.C. § 1344 provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice —
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

17

and intentionally misappropriating Ms. Von-Jackson's funds by collecting $2,000 without providing any services of value or a refund.

The hearing judge concluded that Respondent violated section (d) of MARPC 19-308.4 for intentionally misappropriating client funds, failing to represent a client in an adequate manner, and making intentional misrepresentations of a material fact to a client and another attorney. Taken as a whole, the hearing judge found that Respondent's conduct and indifference to the disciplinary process brought "the legal profession into disrepute and [was] therefore prejudicial to the administration of justice." (Citing *Attorney Grievance Comm'n v. Kum*, 440 Md. 372, 385, 102 A.3d 777, 784–85 (2014); *Attorney Grievance Comm'n v. Reinhardt*, 391 Md. 209, 222, 892 A.2d 533, 540–41 (2006)).

## Aggravating and Mitigating Factors

We now address the conclusions of the hearing judge regarding the existence of aggravating and mitigating factors.

In *Attorney Grievance Comm'n v. Shuler*, 443 Md. 494, 117 A.3d 38 (2015), we articulated the following aggravating factors that should be considered in an attorney disciplinary proceeding:

> (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the M[A]RPC; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court [ ]; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

18

*Id.* at 506–07, 117 A.3d at 46 (alterations in original omitted).

In the case at bar, the hearing judge found several aggravating factors attributable to Respondent. The hearing judge found that Respondent (1) had prior attorney discipline resulting from an indefinite suspension ordered by this Court on August 25, 2009. *Attorney Grievance Comm'n v. Leatherman*, 410 Md. 286, 978 A.2d 678 (2009).[10] The hearing judge found (2) a dishonest and selfish motive for the fraudulent misappropriation of client funds for personal use and benefit and for intentional misrepresentations to Ms. Von-Jackson regarding the discovery time extension. Based on the above findings, the hearing judge also found (3) a pattern of misconduct and (4) multiple offenses. Respondent's failure to cooperate with Bar Counsel, failure to take remedial action, or failure to participate in proceedings prompted a finding of (5) bad faith obstruction of the disciplinary process and (7) a refusal to acknowledge the wrongful nature of conduct. Due to Respondent's admission to the Maryland Bar in 2000, the hearing judge found (9) substantial experience in the practice of law. Finally, the hearing judge found (10) "a complete indifference to making restitution to Ms. He and Ms. Von-Jackson."

The hearing judge did not find any mitigating factors attributable to Respondent, nor did Respondent assert that any mitigating factors applied in this case.

---

[10] The hearing judge noted that Respondent was previously suspended for violating the predecessor to MARPC 19-301.15 (Safekeeping Property). Respondent was also found to have violated Maryland Lawyers' Rules of Professional Conduct 16-604, 16-607, and 16-609. These three rules concerning attorney trust accounts are re-codified at Maryland Rules 19-404, 19-408, and 19-410.

**STANDARD OF REVIEW**

In proceedings involving attorney discipline, "this Court has original and complete jurisdiction and conducts an independent review of the record." *Attorney Grievance Comm'n v. Whitehead*, 405 Md. 240, 253, 950 A.2d 798, 806 (2008). "In our review of the record, the hearing judge's findings of fact generally will be accepted unless they are clearly erroneous." *Id.*, 950 A.2d at 806. We review the hearing judge's legal conclusions under a *de novo* standard of review. *Attorney Grievance Comm'n v. Moody*, 457 Md. 90, 110, 175 A.3d 811, 823 (2017); Md. Rule 19-741(b)(1) ("The Court of Appeals shall review [*de novo*] the circuit court judge's conclusions of law."). We have "the ultimate authority to decide whether a lawyer has violated the professional rules." *Attorney Grievance Comm'n v. Harrington*, 367 Md. 36, 49, 785 A.2d 1260, 1267 (2001) (internal citations and quotation marks omitted).

**DISCUSSION**

The hearing judge entered the findings of fact and conclusions of law based on the Petition and exhibits submitted by Petitioner. Petitioner filed no exceptions. "Respondent did not present exceptions to the hearing judge's finding of fact and conclusions of law, nor did Respondent file anything in opposition to Petitioner's averments. We therefore accept the facts as presented." *Attorney Grievance Comm'n v. Johnson*, 462 Md. 422, 434, 200 A.3d 811, 818 (2019).

**Conclusions of Law**

Based on our independent review of the record, we affirm the hearing judge's legal conclusions that Respondent violated MARPC 19-301.1 (Competence), 19-301.3

20

(Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.15 (Safekeeping

Property), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission

and Disciplinary Matters), and 19-308.4 (Misconduct).

We stated in *Attorney Grievance Comm'n v. Riely* that

[t]he rules of professional conduct require that a lawyer provide competent representation –*i.e.*, apply the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation [MARPC 19-301.1]; act with reasonable diligence and promptness in representing the client [MARPC 19-301.3]; and ensure that the client is reasonably informed about the status of the matter, comply with the client's reasonable requests for information, and explain a matter to the extent reasonably necessary for the client to make informed decisions [MARPC 19-301.4(a)-(b)]. Conduct that violates one of these three rules almost inevitably violates the others.

471 Md. 458, 494, 242 A.3d 206, 227 (2020).

Respondent failed to satisfy the professional standards of competence, diligence,

and communication by failing to deposit and maintain Ms. He's and Ms. Von-Jackson's

funds in an attorney trust account, failing to answer and propound discovery, and failing to

adequately respond to her clients' communications, opposing and successor counsel's

communications, and Bar Counsel's requests. In *Attorney Grievance Comm'n v. Collins*,

469 Md. 134, 229 A.3d 171 (2020), the attorney failed to propound discovery and to

respond to discovery requests, and we concluded that the attorney violated the professional

obligations of competent and diligent representation. *Id.* at 147, 229 A.3d at 178. The

attorney's failure to adequately prepare for client meetings, failure to keep clients informed

about the status of the case, and failure to cooperate with opposing counsel and with Bar

Counsel compounded the lack of competence and diligence while concurrently violating

the attorney's obligation of adequate communication. *Id.*, 229 A.3d at 178; *Attorney*

21

*Grievance Comm'n v. Williams*, 446 Md. 355, 374, 132 A.3d 232, 243 (2016) (concluding that an attorney who failed to timely respond to motions and propound discovery concurrently violated MARPC 19-301.1, 19-301.3, and 19-301.4).

Similar to the attorney in *Collins*, Respondent consistently failed to exhibit competence, diligence, and adequate communication while representing Ms. He and Ms. Von-Jackson. Respondent collected fees but provided little to no legal work in return. Respondent rarely replied to a communication from client, opposing counsel, successor counsel, and Bar Counsel, and when there was a response, it was often untimely, incomplete, or contained knowing and intentional misrepresentations. The lack of attention and care demonstrated by Respondent in Ms. Von-Jackson's case delayed discovery and could have harmed the client's interests. We conclude that Respondent violated MARPC 19-301.1, 19-301.3, and 19-301.4.

Respondent failed to charge reasonable fees pursuant to MARPC 19-301.5 by collecting retainers of $2,500 and $2,000 for Ms. He and Ms. Von-Jackson without providing the clients any services of value. "For [client] fees to be reasonable, [pursuant to MARPC 19-301.5,] they must be 'commensurate with the legal services provided.' Thus[,] a reasonable fee at the outset of a representation 'can become unreasonable if the lawyer fails to earn it.'" *Attorney Grievance Comm'n v. Edwards*, 462 Md. 642, 701, 202 A.3d 1200, 1233 (2019) (citations omitted). The retainers of $2,500 and $2,000 for Ms. He and Ms. Von-Jackson may have been reasonable at the outset of representation. These retainers became unreasonable when Respondent performed little to no work on Ms. He's case and failed to propound and respond to discovery and delayed the transfer of Ms. Von-

22

Jackson's file. *Attorney Grievance Comm'n v. Guida*, 391 Md. 33, 52–53, 891 A.2d 1085, 1096–97 (2006) (concluding that a fee that was not unreasonable on its face became unreasonable when the attorney performed almost no work on the client's case).

The $2,000 retainer for Ms. Von-Jackson appeared more unreasonable given the potential harm caused to Ms. Von-Jackson's case from Respondent's lack of work, failure to timely transfer the client file, and failure to timely execute the Substitution of Counsel. *Attorney Grievance Comm'n v. Miller*, 467 Md. 176, 218, 223 A.3d 976, 1000 (2020) (concluding that the collection of a $2,500 retainer violated MARPC 19-301.5 by failing to file documents on behalf of the client or obtain any meaningful result for the client). We conclude that Respondent violated MARPC 19-301.5.

Respondent failed to hold the clients' money in trust as required by MARPC 19-301.15. "Attorneys violate [MARPC 19-301.15] if they deposit their clients' money into their personal or operating account before the money is earned." *Edwards*, 462 Md. at 702, 202 A.3d at 1234; MARPC 19-301.15, cmt. [1] ("All property of clients or third persons, . . . must be kept separate from the attorney's business and personal property[.]"). In *Attorney Grievance Comm'n v. Stillwell*, 434 Md. 248, 267, 74 A.3d 728, 739 (2013), we concluded that an attorney violated the predecessor to MARPC 19-301.15 by failing to deposit fees into an attorney trust account. Similar to the attorney in *Stillwell*, Respondent failed to deposit the retainers from Ms. He and Ms. Von-Jackson into an attorney trust account before the money was earned. The hearing judge also found that Respondent deposited the retainer from Ms. He directly into a personal bank account. We conclude that Respondent violated MARPC 19-301.15.

23

Respondent violated MARPC 19-301.16 by failing to withdraw from representation after becoming unable to provide adequate representation, and by failing to take steps to protect the clients' interests upon termination of representation. In *Edwards*, this Court noted that the obligation to withdraw from representation extends to situations in which "the attorney can no longer represent a client due to a physical condition." 462 Md. at 703, 202 A.3d at 1234; *see also Attorney Grievance Comm'n v. Lee*, 393 Md. 546, 567, 903 A.2d 895, 908 (2006) ("we reiterate that, if ill health indeed renders an attorney physically unable to perform his or her duties to the court and clients, he or she must promptly inform the court, clients, and other participating attorneys that his or her caseload cannot be managed and, without unreasonable delay, make necessary arrangements to protect clients' interests, such as transferring cases to other attorneys"); MARPC 19-301.16(a)(2) ("an attorney . . . shall withdraw from the representation of a client if: . . . (2) the attorney's physical or mental condition materially impairs the attorney's ability to represent the client[]"). An attorney may also violate MARPC 19-301.16 by failing to return unearned fees and papers. *Attorney Grievance Comm'n v. Moore*, 447 Md. 253, 269, 135 A.3d 390, 399 (2016).

In the case at bar, Respondent failed to provide Ms. He with a timely refund, failed to deliver Ms. Von-Jackson's unused retainer funds, and failed to transfer Ms. Von-Jackson's client file to successor counsel. Respondent also failed to timely strike her appearance and execute the Substitution of Counsel. The fact that Respondent may have experienced health and personal challenges during the course of representation does not excuse Respondent's violation of MARPC 19-301.16. The rule requires an attorney to

24

notify the client and withdraw from representation when physical or mental challenges would impair an attorney's ability to represent the client. Respondent demonstrated her capacity to respond to communications on several, sporadic occasions, but failed to make any arrangements to transfer the case to successor counsel. We conclude that Respondent violated MARPC 19-301.16.

Respondent violated MARPC 19-308.1 by repeatedly failing to respond to Bar Counsel's requests for information. "[A]n attorney violates [MARPC 19-308.1] if the attorney does not answer requests from [Bar Counsel] regarding a complaint in a potential disciplinary matter in a timely manner." *Moore*, 447 Md. at 269-70, 135 A.3d at 399. Respondent failed to timely and completely respond to Bar Counsel's letters on August 6, 2019, October 28, 2019, November 21, 2019, January 17, 2020, and February 5, 2020. We conclude that Respondent violated MARPC 19-308.1.

MARPC 19-308.4 states that "is professional misconduct . . . to . . . violate [MARPC], . . . [to] commit a criminal act that reflects on an attorney's honesty, . . . engage in [dishonest or fraudulent] conduct[,] . . . [or] engage in conduct that is prejudicial to the administration of justice[.]" Respondent violated section (a) of MARPC 19-308.4 for several violations of other rules of professional conduct. *Attorney Grievance Comm'n v. Foltz*, 411 Md. 359, 411, 983 A.2d 434, 465 (2009) ("As we have held that respondent has violated several Rules of Professional Conduct, [respondent] necessarily violated [MARPC 19-308.4(a)] as well[.]") (quoting *Attorney Grievance Comm'n v. Gallagher*, 371 Md. 673, 710-11, 810 A.2d 996, 1018 (2002)).

Respondent violated section (b) of MARPC 19-308.4 by fraudulently re-depositing a check that caused an additional $2,500 to be debited from Ms. He's checking account. "It is well established that a conviction is not required to find a violation of [MARPC 19-308.4(b)]. . . . The crux of [MARPC 19-30]8.4(b) analysis then becomes 'whether an attorney's criminal act reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.'" *Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 729–30, 93 A.3d 262, 282 (2014) (citations and quotation omitted). The hearing judge made a finding that was dispositive of a violation of MARPC 19-308.4(b). On February 26, 2019, Respondent re-deposited Ms. He's check for the retainer into the Respondent's personal account, which caused an additional $2,500 to be debited from Ms. He's checking account. The hearing judge found that the re-deposit was for Respondent's own use and personal benefit. "The record sufficiently supports this finding," and without any exceptions by Respondent, "it is not clearly erroneous." *Attorney Grievance Comm'n v. Powell*, 328 Md. 276, 292, 614 A.2d 102, 110 (1992).

Respondent exhibited multiple acts of dishonesty in violation of section (c) of MARPC 19-308.4. "This Court has consistently found misappropriation of client funds and deceit to constitute a violation of [MARPC 19-308.4]." *Gallagher*, 371 Md. at 712, 810 A.2d at 1019 (citations omitted). Respondent knowingly and intentionally misappropriated Ms. He's funds by re-depositing a check. Respondent knowingly and intentionally misrepresented to Ms. Von-Jackson that she had an extension for discovery. Respondent knowingly and intentionally misrepresented to successor counsel that she did not receive discovery documents from Ms. Von-Jackson, when Respondent had received

26

the documents almost three months prior. Respondent knowingly and intentionally misappropriated Ms. Von-Jackson's funds by collecting $2,000 without providing any services of value or a refund.

Respondent violated section (d) of MARPC 19-308.4 for intentionally misappropriating client funds, failing to represent a client in an adequate manner, and making intentional misrepresentations of a material fact to a client and another attorney. "Generally, [MARPC 19-308.4(d)] is violated when [an attorney's] conduct impacts negatively the public's perception or efficacy of the courts or legal profession. Misconduct that constitutes a violation of [MARPC 19-308.4(c)] may also violate [MARPC 19-308.4(d)]." *Edwards*, 462 Md. at 706, 202 A.3d at 1236 (citations and internal quotations omitted). Respondent's misappropriation of client funds, intentional misrepresentations, and failure to competently represent Ms. He and Ms. Von-Jackson "was directly harmful to the legal profession" by impairing the public's confidence in receiving honest, diligent representation. *Gallagher*, 371 Md. at 713, 810 A.2d at 1020.

We conclude that Respondent violated sections (a), (b), (c), and (d) of MARPC 19-308.4.

## Sanction

"Attorneys are subject to discipline when they violate or attempt to violate [MARPC.]" MARPC 19-308.4, cmt. [1]. "In deciding the appropriate sanction, '[w]e are guided by our interest in protecting the public and the public's confidence in the legal profession[.]'" *Attorney Grievance Comm'n v. Portillo*, 473 Md. 584, ___, 251 A.3d 1131, 1143 (2021) (quoting *Attorney Grievance Comm'n v. Lewis*, 437 Md. 308, 329, 85 A.3d

27

865, 877 (2014) (internal quotation marks and citation omitted)). "As a result, our purpose in deciding the appropriate sanction is not to punish the lawyer, but to protect the public, and deter other lawyers from engaging in similar misconduct." *Edwards*, 462 Md. at 711, 202 A.3d at 1239 (internal quotation marks and citation omitted). "When determining the appropriate discipline, we consider the facts and circumstances of each case and order a sanction that is commensurate with the nature and gravity of the violations and the intent with which they were committed." *Id.* at 712, 202 A.3d at 1239 (internal quotation marks and citation omitted).

The hearing judge found the following violations of MARPC, which we affirmed, *supra*, upon independent review: 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.15 (Safekeeping Property), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission and Disciplinary Matters), and 19-308.4 (Misconduct). The hearing judge also found clear and convincing evidence of eight aggravating factors: prior disciplinary offense, demonstrated a dishonest and selfish motive, engaged in a pattern of misconduct, committed multiple rule violations, demonstrated bad faith obstruction of the disciplinary process, refused to acknowledge the wrongful nature of her misconduct, had substantial experience in the practice of law, and showed indifference to making restitution. Respondent presented, and the hearing judge found, no mitigating factors.

We sustain the hearing judge's finding of eight aggravating factors. Respondent was indefinitely suspended from the practice of law in 2009, in part, for violation of the predecessor to MARPC 19-301.15 (Safekeeping of Property). We have noted that prior

28

discipline may be "particularly problematic if the attorney committed the same or similar misconduct after being sanctioned[.]" *Attorney Grievance Comm'n v. Sperling*, 472 Md. 561, 616, 248 A.3d 224, 255 (2021). Respondent again violated MARPC 19-301.15 in the case at bar by failing to deposit client funds in an attorney trust account until the fees were earned.

Respondent demonstrated a dishonest and selfish motive by re-depositing Ms. He's check without offering an explanation for the conduct, let alone a refund. Respondent also continued to misrepresent the status of discovery to Ms. Von-Jackson in an apparent attempt to conceal the lack of work performed in propounding or responding to discovery. These serial misrepresentations continued throughout Respondent's representation of Ms. Von-Jackson and extended to interactions with Bar Counsel warranting the hearing judge's finding of a pattern of misconduct, multiple rule violations, bad faith obstruction of the disciplinary process, and refusal to acknowledge the wrongful nature of the conduct.

Respondent had nearly two decades of experience in the practice of law, and even the most novice attorney would be expected to timely respond to client, opposing counsel, and Bar Counsel communications. Respondent showed indifference to making restitution. While Respondent provided a refund of $2,500 to Ms. He, Respondent failed to refund unearned portions of Ms. Von-Jackson's fee and failed to refund the re-deposited $2,500 check. Respondent offered no explanation to the clients or Bar Counsel for these omissions. Respondent's lack of participation in proceedings underscores the indifference to making restitution.

29

Based upon the underlying misconduct, the aggravating factors, and lack of mitigating or extenuating circumstances, we conclude that disbarment is the appropriate sanction. This Court has disbarred attorneys for similar conduct. In *Attorney Grievance Comm'n v. Payer*, 425 Md 78, 38 A.3d 378 (2012), we disbarred an attorney who failed to provide clients with competent and diligent representation, failed to safekeep client funds, and exhibited a pattern of dishonesty. *Id.* at 95, 38 A.3d at 388. In *Attorney Grievance Comm'n v. Sanderson,* 465 Md. 1, 213 A.3d 122 (2019), we disbarred an attorney for failing to provide competent representation to clients, misappropriating client funds, making intentional and knowing misrepresentations, and failing to cooperate with Bar Counsel. *Id.* at 68–69, 213 A.3d at 161.

Similar to the disbarred attorneys in *Payer* and *Sanderson*, Respondent exhibited a pattern of misconduct and inadequate representation that jeopardized the interests of Respondent's clients and brought disrepute to the legal profession as a whole. *Kum*, 440 Md. at 386, 102 A.3d at 785. Respondent performed little to no work for her clients, despite collecting $4,500 in cumulative retainers. Respondent failed to maintain the $4,500 in an attorney trust account until earned. Respondent knowingly and intentionally misappropriated $2,500 from Ms. He for her own personal use. Respondent failed to propound discovery or respond to opposing counsel's request for discovery and then attempted to blame the lack of work on the client. Respondent refused to cooperate with Ms. Von-Jackson's successor counsel by failing to transfer the client file and made intentional misrepresentations about the contents of the file. Respondent failed to participate in Bar Counsel's investigation in any meaningful manner. Respondent's

30

conduct, taken as a whole, brings the legal profession into disrepute and prejudices the administration of justice.

For these reasons, on May 27, 2021, we issued the *per curiam* order disbarring Respondent.[11]

---

[11] Respondent was ordered "to pay all costs as taxed by the Clerk of this Court, including the costs of all transcripts, pursuant to [Md.] Rule 19-709, for which sum judgment is entered in favor of the Attorney Grievance Commission of Maryland. . . ." *Leatherman*, 473 Md. at ___, 251 A.3d at ___.